## CECIL D. GRIMES *vs,* EBENEZER D. HOWARD.

1. Where a person contracts to do certain work and furnish materials, and abandons his contract without fault of the other party, he will not be permitted, in a suit on a *quantum meruit* for his services and materials to recover a sum exceeding the contract price. In such case the damages to which he is entitled, is the value of the work done and materials furnished, not exceeding the contract price, less the cost of completing the work and any damages the defendant may have sustained by reason of such failure.

2. Where such contract is abandoned through the fault of the employer, the employee may recover the value of his services and materials; and in determining the value of such materials and labor the contract of the parties may be considered, though such contract is not, necessarily, conclusive.

*Kalamazoo Circuit, May,* 1871.

Appleton & Bills entered into a contract with the defendant to do certain work upon and to furnish certain materials for a dwelling house to be erected for the defendant at a stipulated price. Before completing the work Appleton & Bills quit the job, claiming that the defendant failed to comply with his part of the contract; also claiming that the contract was mutually rescinded, and thereupon assigned ther claim for their work and labor, and materials they had furnished, to the plaintiff, Grimes.

The defendant claimed that he had paid a just and fair sum for

all the labor and materials furnished, and that the contractors aban-
daned the contract without just cause.

*Hawes & Edson*, Attorneys for Plaintiff.

*Arthur Brown*, Attorney for Defendant.

BROWN, J., instructed the jury that where a party undertakes
to perform a certain amount of labor, and through his own fault
abandons the contract before its completion, he may recover on a *quan-
tum meruit*—as much as he deserves. And in determining how
much he deserves, we should consider how much the party not in
fault has been damaged by the default of the plaintiff, and whether
he has been benefitted notwithstanding the default. In such cass
the plaintiff is not in any event to recover to exceed the contract
price, and in that sense would be limited by it. The law will not
permit a party to profit by his own wrong.

Where the employee quits his contract on account of the fault
of his employer, he may recover as much as he deserves for the pro-
portion done. Now what does he deserve?

In this case the plaintiff does not claim to recover for any
profits that he might be entitled to had his assignors completed the
work at a profit. What he claims to recover is ,what the labor and
materials bestowed upon the building are worth—what in equity de-
fendant would be required to pay, if no contract had been made.—
He abandons the first count in the declaration.

The theory upon which this claim of the plaintiff is predicated
is that the original contract was rescinded, and abandoned on ac-
count of the short coming of the defendant—on account of his fail-
ure to pay his contractors according to the terms of the agreement.

In those cases where the measure of damages is fixed by the con-
tract price, where the action is on a *quantum meruit*, the reason
for the rule is found in the necessity of the case, to prevent in-
justice. Where a person contracts to do a certain piece of
work for a certain price, and finding he has made a poor bargain,
abandons it, it would be unjust to permit him to recover the
value of his services if such value exceeds his contract. Here
he should be held by his contract. But suppose the contract
price exceeds the mere value of the labor, and the contractor

abandons the work without just cause. In such case he should not have the contarct price, but merely the value of his services. In determining how much a contractor is entitled to, where he brings an action to recover the value of services and materials furnished under a special contract, which he has abandoned on account of the fault of his employer, or which after part performance, has been rescinded by the mutual consent of the parties, it is competent for the jury to consider the terms of the contract, how much has been done under it, and how much remains to be done as bearing upon the question of the value of what has been done and performed.

The terms agreed upon, the price to be paid, the amount of labor done and materials furnished, and the amount undone and unfurnished may all be considered as tending to show how much the plaintiff in such case should recover. What the parties agreed upon at the time of entering into the contract, is to be taken as evidence of their judgment at a time when both parties may be presumed to have been acting with reference to their own supposed interests, yet perfectly agreeing as to what justice in the premises would be. The evidence of such a meeting of the minds of the parties is certainly as competent to be considered by the jury as is their estimates and opinions expressed after a disagreement has arisen, and their sense of exact justice may have been somewhat stimulated by a resort to the Court to settle the matter in difference between them. I do not say that the facts just suggested are to be deemed the conclusive test in arriving at what the plaintiff should have if entitled to recover. But you are to consider these facts in connection with the other testimony in the case in determining the question of the value of the services and materials furnished by the contractors.

If you should find that the work was discontinued through the default of the contractors, then the measure of damages to which they or their assignee is entitled, would be the value of the work and materials, not exceeding the contract price, less the cost of completing the work and any damages the defendant may have sustained by reason of such abandonment or discontinuance.

[So much only of the charge is given as bears upon the question of damages.]